# In the United States Court of Federal Claims

JERRY NICHOLAS

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*.

No. 24-1210C
(Filed November 26, 2024)

Jerry Nicholas, Chicago, IL, pro se.

Steven C. Hough, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Granting the Government's Motion to Dismiss**

**SILFEN,** *Judge.*

    Jerry Nicholas, proceeding without an attorney, filed a complaint in this court alleging that employees of the state of Illinois and the city of Chicago conspired to deprive him of a relationship with his children. The government moves to dismiss Mr. Nicholas's complaint. This court does not have authority to hear Mr. Nicholas's suit because his claims are not against the federal government; instead, they are against employees and institutions of the state of Illinois and the city of Chicago. Thus, this court **grants** the government's motion to dismiss, **dismisses** the complaint, and **denies** Mr. Nicholas's motion for the court to appoint counsel to represent him. The court **grants** Mr. Nicholas's motion to proceed in forma pauperis.

1

**I.   Background**

Mr. Nicholas, appearing on behalf of himself, alleges that in 1993 a worker from the Illinois Department of Children and Family Services filed a false report that Mr. Nicholas might harm himself and his family. ECF No. 1 at 2. According to Mr. Nicholas, that report started a chain of events involving the Chicago Police Department and the Cook County Superior Court that ultimately resulted in the state's taking the children from his home. *Id*. at 2-3. Mr. Nicholas was suspended from visits with his children, and in 1997, a court ordered him to cease all contact with them or their caregivers. *Id*. at 3. Mr. Nicholas filed suit in this court seeking money damages for the disruption of his relationship with his children. *Id*. at 5.

**II.   Discussion**

The government moves to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. ECF No. 8; *see* Rules of the Court of Federal Claims, Rules 12(b)(1), (6). Mr. Nicholas has not responded to the government's motion but has filed a request that the court appoint counsel to represent him. ECF No. 7.

The Tucker Act primarily defines this court's jurisdiction. It gives the court exclusive jurisdiction to decide specific types of monetary claims against the United States. *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1). The Tucker Act provides the court with "jurisdiction to render judgment upon any claim against the United States founded … upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those

2

of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The court has therefore exercised its discretion in this case to examine the pleadings "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). The court must generally "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff" when determining if subject-matter jurisdiction exists. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020).

### A.   This court lacks jurisdiction over the substance of Mr. Nicholas's complaint

Even liberally construed, this court does not have jurisdiction over Mr. Nicholas's complaint. This court only has jurisdiction over claims against the federal government. 28 U.S.C. § 1491. "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (citations omitted). The court lacks jurisdiction over state and local entities and people employed by state and local entities. *Curry v. United States*, 787 F. App'x 720, 722-23 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacks jurisdiction to hear cases asserted against states, localities, and employees of those governments in both their official and personal capacities). That includes the city of Chicago, the state of Illinois, and employees of those governments. The Illinois Department of Children and Family Services, the Chicago Police Department, the Cook County Superior Court, and the employees of all those organizations are thus all outside this court's jurisdiction. *See Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978) ("The plaintiff's assertions concerning Illinois state officials and courts are obviously beyond this court's jurisdiction.").

To the extent that Mr. Nicholas alleges that the people and entities named in his complaint acted negligently, fraudulently, or wrongfully when discharging official duties, the court lacks jurisdiction over those claims for the additional reason that he is alleging torts. *Taylor v. United States*, 590 F. App'x 983, 986 (Fed. Cir. 2014) (negligence claims sound in tort); *O'Diah v. United States*, 722 F. App'x 1001, 1004 (Fed. Cir. 2018) (fraud and the deprivation of civil rights sound in tort); *Smithson v. United States*, 847 F.2d 791, 794 (Fed. Cir. 1988) (government misfeasance and misconduct claims sound in tort). The Tucker Act explicitly excludes tort claims from this court's jurisdiction. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States ... in cases not sounding in tort."); *Rick's Mushroom Service, Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."). Under the Federal Tort Claims Act, tort claims against the United States are in the "exclusive jurisdiction" of federal district courts, not this court. 28 U.S.C. § 1346(b)(1). Thus, even if Mr. Nicholas's complaint were against the federal government, it would be outside this court's jurisdiction.

## B. The statute of limitations bars Mr. Nicholas's complaint

Mr. Nicholas's complaint is also barred by this court's six-year statute of limitations. Under the Tucker Act, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The Tucker Act's six-year statute of limitations is "jurisdictional," as it limits the government's waiver of sovereign immunity, and the court must consider the timeliness of a claim even if neither party raises it. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008). Causes of action under the Tucker Act accrue as soon as "all events have occurred

4

to fix the Government's alleged liability." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc).

Mr. Nicholas's complaint centers around the removal of his children from his home and the orders suspending him from having contact with them. *See* ECF No. 1 at 2-4. Those events took place between 1993 and 1997. *Id.* at 3. Even if this court otherwise had subject-matter jurisdiction over Mr. Nicholas's claims for loss of a relationship with his children, the events underlying his claims occurred more than six years ago and are late in this court, *see Martinez*, 333 F.3d at 1304, depriving the court of the authority to hear the case, *see John R. Sand & Gravel*, 552 U.S. at 133-34.[1]

### C.  Appointing counsel is inappropriate in this case

Mr. Nicholas requests that the court appoint counsel to represent him under 28 U.S.C. § 1915(e)(1), which provides that "the court may request an attorney to represent any person unable to afford counsel." ECF No. 7. There is no right to counsel in a civil case. *Martin v. United States*, 31 Fed. Cl. 756, 757 (1994). In a civil case, the court exercises its authority to appoint counsel only under certain circumstances. *Ross v. United States*, 2021 WL 4235854155 Fed. Cl. 792, 796 (2021). The court "must be persuaded that [a] plaintiff has a compelling and meritorious basis for recovery." *Lane v. United States*, 208 Ct. Cl. 955, 956 (1975) (cleaned up). Here, there is

---

[1] Apart from the merits, Mr. Nicholas did not respond to the government's motion to dismiss in the time required by this court's rule 7.2(b)(1). The deadline for Mr. Nicholas to respond to the government's motion was October 4, 2024. He has not responded or requested an extension of the deadline. Although Mr. Nicholas requested that the court appoint an attorney, that request does not affect the deadline to respond to the government's motion. But the court will not dismiss the case on those procedural grounds. *See Cohen v. Board of Trustees of the University of the District of Columbia*, 819 F.3d 476, 481-84 (D.C. Cir. 2016) (discussing "the clear preference of the Federal Rules to resolve disputes on their merits"); *but see* Rules of the Court of Federal Claims, Rule 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion.").

no compelling and meritorious basis for recovery because Mr. Nicholas's claims clearly fall outside this court's jurisdiction for the multiple reasons described above. Thus, the court will not appoint counsel for Mr. Nicholas.

### D. Mr. Nicholas may proceed in forma pauperis

Under 28 U.S.C. § 1915, a litigant may move to proceed in forma pauperis, entitling him to relief from the costs and fees associated with initiating a lawsuit. The court has discretion to grant in forma pauperis status whenever it determines, based on the plaintiff's submitted financial information, that the plaintiff is unable to pay the requisite filing fee. *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018); *see also Colida v. Panasonic Corp. of North America*, 374 F. App'x 37, 38 (Fed. Cir. 2010). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). "[P]auper status does not require absolute destitution[;] the question is whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (quotation marks omitted).

Mr. Nicholas states that he receives a monthly social security check for $943. ECF No. 2 at 1-2. That is his sole source of income, and he has no savings. *Id.* Mr. Nicholas's disclosed financial circumstances fall within the range that has warranted in forma pauperis status in other cases. For example, in *Conner v. United States*, No. 21-2057, 2022 WL 2231222 at *3 (Fed. Cl. June 21, 2022), *aff'd*, No. 2023-1316, 2023 WL 5011753 (Fed. Cir. Aug. 7, 2023), this court granted in forma pauperis status to a plaintiff who similarly had negligible savings and had a higher monthly surplus income than Mr. Nicholas. Mr. Nicholas has demonstrated that paying the filing fee would cause undue hardship.

### III.     Conclusion

For the reasons stated above, this court **grants** the government's motion to dismiss, **denies** Mr. Nicholas's motion to appoint counsel, **grants** Mr. Nicholas's motion to proceed in forma pauperis, and **dismisses** the complaint. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

                                                   s/ Molly R. Silfen
                                                  MOLLY R. SILFEN
                                                  Judge